Mosely et al. v. Schoonhoven.

## CHARLES S. MOSELY ET AL.
### v.
## KATE E. SCHOONHOVEN.

1. ERROR IN DECREE—REMITTITUR.—Where a decree for a deficiency was too large, but defendant in error remitted in this court the excess of the decree above the amount due, the error was cured.

2. PRACTICE—COSTS.—The decree for foreclosure is affirmed and the decree for the deficiency is affirmed, defendant in error having remitted the excess, but as there was error in that decree before the entry of the remittitur, the costs of this court are equally divided between defendant and plaintiff in error.

ERROR to the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding. Opinion filed February 9, 1883.

Messrs. BOTSFORD & BARRY, for plaintiffs in error; that the *cestui que trusts* should have been made parties, their rights declared and protected, cited Scanlan v. Cobb, 85 Ill. 296; McGraw v. Bayard, 96 Ill. 146; Hopkins v. Roseclare Lead Co. 72 Ill. 373; Hards v. Burton, 79 Ill. 504.

As to the only provision for appointing a special master: R. S. Ill. 1880, Chap. 90, § 5.

Mr. GEORGE W. CASS, for defendant in error; that defendant in error can avail herself upon the hearing, of facts appearing on the face of the record, cited Parkhurst v. Race, 100 Ill. 558.

The limitation upon the right to review the foreclosure decree commenced to run from the time it was entered: Myers v. Manny, 63 Ill. 211.

The adult plaintiffs can not avail themselves of the infancy of their co-plaintiffs: Moore v. Capps, 4 Gilm. 318.

The finding of the facts in the decree are conclusive: Darst v. Thomas, 87 Ill. 222; Rhoades v. Rhoades, 88 Ill. 139.

In foreclosure suits, subsequent mortgagees, or *cestui que trusts* are proper but not indispensable parties: 2 Jones on Mortgages, § 1425; Kenyon v. Schreck, 52 Ill. 382; Strang v. Allen, 44 Ill. 428.

Plaintiff in error, Mosely, was seized only of an estate during coverture which terminated upon the death of his wife: Rose v. Sanderson, 38 Ill. 247; Lang v. Hitchcock, 99 Ill. 550.

A right to dower is simply a personal right, and until set off and assigned, is not the subject-matter of sale or transfer and can not be incumbered: 1 Washburn on Real Property, § 252; 2 Scribner on Dower, 40; Blain v. Harrison, 11 Ill. 384; Robbins v. Kinzie, 45 Ill. 354; Johnson v. Montgomery, 51 Ill. 185; Chicago Dock Co. v. Kinzie, 49 Ill. 289.

A decree may be reversed in part: Morgan v. Smith, 11 Ill. 194.

The error in the excess was cured by a remittitur filed in the appellate court: Trustees v. Hihlor, 85 Ill. 409; Lowman v. Aubery, 72 Ill. 619; Pixley v. Boynton, 79 Ill. 351; Convey v. Sheldon, 1 Bradwell, 55.

Where the court appoints a special master in chancery to execute a decree, it will be presumed to have been done for sufficient cause: Farnsworth v. Strasler, 12 Ill. 482; Lubliner v. Yeomans, 65 Ill. 305.

Per Curiam. Upon a decree to foreclose a mortgage in favor of defendant in error the premises were sold, but for an amount less than decree, interests and costs, and upon coming in of the master's report a decree for the sum of $626.70 was entered against Charles S. Mosely and execution awarded.

No error is perceived in the decree of foreclosure, but the decree for a deficiency was too large, as only $274 was due at its rendition.

The defendant in error has, however, remitted in this court all of the decree above the said amount due, and thereby cured that error. The decree for foreclosure will be affirmed and the decree for the deficiency will be affirmed for $274, the balance having been remitted; but as there was error in that decree before the entry of the remittitur the costs in this court will be equally divided between the defendant in error and the plaintiff in error Charles S. Mosely.

Decree affirmed.